SI K. AND CHO J. SONG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Song v. Commissioner
Docket No. 17162-90
United States Tax Court
T.C. Memo 1992-315; 1992 Tax Ct. Memo LEXIS 341; 63 T.C.M. (CCH) 3091; June 4, 1992, Filed *341 An appropriate order and decision will be entered. Si K. & Cho J. Song, pro se. Joseph K. Fletcher, III, for respondent. FAY
FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined the following deficiency in and additions to petitioners' Federal income taxes for 1985: Additions to Tax
Deficiency
Sec. 6653(b)(1) [1]
Sec. 6653(b)(2)
Sec. 6661(a)
$ 949,489
$ 474,745 *
$ 237,372
* 50% of the interest that is computed on $ 949,489 at the time of assessment and/or payment of tax.
This case was called from the trial calendar at Pasadena, California, on January 21, 1992. No appearance was made by or on behalf of petitioners. Respondent thereafter filed a Motion to Hold the Petitioners in Default and For Entry of Decision under Rule 123(a). The only issue before this Court is whether under Rule 123(a) *342 this Court should hold petitioners in default and enter a decision against petitioners for a deficiency and additions to tax as found by respondent, including additions to tax for fraud under section 6653(b). We find petitioners have abandoned their case and that a default judgment against petitioners is proper with regard to the deficiency and all additions to tax for 1985. Petitioners filed on July 30, 1990, a petition for a redetermination of the deficiency set forth by respondent in the notice of deficiency dated April 30, 1990. At the time of the filing of their petition, petitioners were residents of Los Angeles, California. The underlying main controversy [2] in this case involves the operation by petitioners of four UNOCAL gasoline stations located at the following addresses: (1) 311 N. Gaffey (Gaffey); (2) 1001 N. Harbor (Harbor); (3) 1430 N. La Brea (La Brea); and (4) 9830 S. Crenshaw (Crenshaw). *343 Respondent alleges that petitioners knowingly underreported gross receipts from gasoline sales from the above four gasoline stations. Respondent further alleges in his answer that, because petitioners failed to provide books or records during the audit stage, respondent proceeded with an indirect method in order to determine petitioners' correct tax liability. Respondent accordingly calculated the gross receipts of petitioners' four gasoline stations by using the retail price contained in gasoline industry publications and the volume of gasoline contained in the records obtained from UNOCAL, petitioners' supplier. Respondent, in the notice of deficiency, made adjustments to petitioners' reported income for 1985 as follows: Regular Unleaded
Gaffey
$   957,190
Harbor
2,248,238
La Brea
926,898
Crenshaw
1,089,516
Total Regular Unleaded Sales
$ 5,221,842
Premium Leaded Gaffey
$   705,761
Harbor
618,153
La Brea
500,464
Crenshaw
477,293
Total premium leaded sales
$ 2,301,671
Diesel
Gaffey
$   215,481
Total diesel sales
$   215,481
Summary of Sales
Regular unleaded
$ 5,221,842
Premium leaded
2,301,671
Diesel
215,481
Total sales
$ 7,738,994
Less sales per return
3,001,596
Increase to income
$ 4,737,398
*344 In addition to increasing petitioners' gross receipts from gasoline sales, respondent, in the notice of deficiency, increased petitioners' cost of goods sold for 1985 by $ 2,715,478. Petitioners, through their attorney, John M. Kirwan, filed a Petition for Redetermination of Deficiency on July 30, 1990, by which petitioners contested all of the adjustments made by respondent in the notice of deficiency. Petitioners also filed a Request for Place of Trial on July 30, 1990, indicating that petitioners requested Los Angeles, California, as a place of trial. On October 1, 1990, respondent filed an answer in which respondent denied all material allegations of fact contained in the petition in support of petitioners' assignments of error. On December 17, 1990, respondent filed a Motion for Entry of Order that Undenied Allegations in Answer be Deemed Admitted which was denied by this Court on January 11, 1991, after a reply was filed by petitioners on January 10, 1991. On November 12, 1991, respondent filed Respondent's Request for Admissions. No response to this request was ever filed by petitioners as required by Rule 90(c). On August 21, 1991, a Notice Setting Case for Trial as *345 well as a standing pretrial order was served on the parties. On January 10, 1992, petitioners' counsel filed a Motion to Withdraw pursuant to the provisions of Rule 24(c). This motion recites numerous unsuccessful efforts made by petitioners' counsel to contact petitioners. Petitioners' counsel on a regular basis had attempted to reach petitioners by calling them at all previously known telephone numbers. These numbers had all been disconnected or were being used by other parties. Furthermore, certified letters mailed to petitioners by petitioners' counsel addressed to all previously known addresses of petitioners were returned as nondeliverable. Petitioners' counsel's Motion to Withdraw was granted on January 13, 1992. On January 21, 1992, this case was called at the Trial Session of this Court beginning on January 21, 1992, at Pasadena, California. There was no appearance by or on behalf of petitioners. At that time, respondent filed a Motion to Hold the Petitioners in Default and For Entry of Decision. The Court at the hearing indicated that it would grant respondent's motion as to the deficiencies and take under advisement respondent's motion as it pertained to the additions *346 to tax for fraud. In the present situation, we find petitioners have totally abandoned their case. Petitioners have neglected to apprise either the Court or respondent of their whereabouts or how they may be reached. In fact, petitioners have not even been in contact with their own counsel. We find that petitioners' virtual disappearance has made it impossible for respondent to conduct negotiations, exchange information, and stipulate mutually agreeable facts as required by Rule 91(a). The standing pretrial order has not been complied with by petitioners, nor the mandates of the Court in . Furthermore, no Trial Memorandum was filed by or on behalf of petitioners. In addition to a total failure to participate in pretrial preparation of this case, petitioners failed to appear at the Trial Session of the Court on January 21, 1992, at Pasadena, California. Petitioners' conduct towards this Court and towards their attorney evidences a total abandonment of this case by petitioners. Accordingly, we find that respondent clearly prevails on the underlying deficiency and the addition to tax under section 6661(a) *347 on the ground either that petitioners have defaulted by not appearing at trial or that they have failed to carry their burden of proof. . As to the additions to tax for fraud, the burden of proof is on respondent, and she must carry that burden by clear and convincing evidence. . With respect to the fraud additions for taxable year 1985, entry of a default decision where a taxpayer has failed to appear and proceed with his case "is appropriate upon a determination in our 'sound judicial discretion' that the pleadings set forth sufficient facts" to support a finding that the taxpayer fraudulently underpaid his taxes. , affd. . We have reviewed the specific allegations of petitioners' fraudulent underpayment of taxes, pled in detail by respondent in her answer, and we find that the allegations support such a finding by clear and convincing evidence. An appropriate order and decision *348 will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Other matters raised by the statutory notice of deficiency include self-employment taxes and the investment tax credit. Respondent determined that petitioners are subject to self-employment taxes in the amount of $ 4,673. Respondent, however, allowed petitioners in the statutory notice an investment tax credit in the amount of $ 2,048.↩